IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

VERSUS  CRIMINAL NO. 1:00cr38WJG-JMR-3
  CRIMINAL NO. 1:05cr28WJG-RHW-1

SAM BARNES, III

O R D E R

THIS CAUSE comes before the Court on Defendant Sam Barnes, III's motion [157-1] for clarification in Criminal No. 1:00cr38WJG-JMR-3; and a duplicate motion [18-1] for clarification filed in Criminal No. 1:05cr28WJG-RHW-1.  Barnes seeks to compel the United States of America [United States] to file a motion for sentence reduction pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure for substantial assistance provided by Barnes.  The Court, having fully considered this matter, finds as follows:

On August 10, 2000, Barnes pleaded guilty to conspiracy to possess with intent to distribute cocaine base as set forth in Count 1 of the Indictment in 1:00cr38WJG-JMR-3, and was sentenced on January 3, 2001, to 70 months in the custody of the Bureau of Prisons [BOP], with 4 years supervised release and a $100 special assessment.  (1:00cr38WJG-JMR-3, Ct. R., Docs. 39 and unnumbered docs. filed 8/10/2000; Doc. 59.)  On June 26, 2001, the United States filed a motion to reduce sentence on Barnes' behalf.  (1:00cr38WJG-JMR-3, Ct. R., Doc. 93.)  The motion was granted on June 28, 2001, and Barnes sentence was reduced from a term of 70 months imprisonment to 37 months imprisonment, with all other aspects of the sentence

remaining the same.  (1:00cr38WJG-JMR-3, Ct. R., Doc. 96.)  There is no reason to further reduce the sentence imposed in this case, especially in light of the following circumstances.

On February 1, 2005, the United States Probation Office [USPO] filed a motion for issuance of warrant for Sam Barnes for violations of conditions of supervision.  (1:00cr38WJG-JMR-3, Ct. R., Doc. 137.)  In a separate indictment filed against Barnes on April 20, 2005, Criminal No. 1:05cr28WJG-RHW-1, Barnes was charged with knowing and intentional possession with intent to distribute 50 grams of a mixture containing a detectable amount of cocaine base or crack in Count 1; knowing and intentional possession with intent to distribute 500 grams of a mixture containing a detectable amount of cocaine hydrochloride in Count 2, both Counts 1 and 2 having occurred on or about January 6, 2005; and with forfeiture in Count 3.  (1:05cr28WJG-RHW-1, Ct. R. Doc. 3.)  Barnes pleaded guilty to Count 1 of the Indictment on August 16, 2005 (1:05cr28WJG-RHW-1, Minute Entry, 8/17/2005), and was sentenced on February 15, 2006, to a term of incarceration of 140 months; followed by 5 years supervised release and a special assessment of $100.  (*Id*., Doc. 15.)

Also on February 15, 2006, the Court accepted Barnes' guilty plea in 1:00cr38WJG-JMR-3 to violation of a mandatory condition of his supervised release term, which was a failure to refrain from violation of the law.  (1:00cr38WJG-JMR-3, Doc. 154.)  He was sentenced to a period of 24 months incarceration to run consecutive to the sentence imposed in 1:05cr28WJG-RHW-1.  (*Id*.)

It appears that Barnes seeks to have the sentence imposed in 1:05cr28WJG-RHW-1 reduced based on his assertions of substantial assistance.  (1:05cr28WJG-RHW-1, Ct. R., Doc. 18.)  A motion for reduction in sentence pursuant to Rule 35(b) can only be presented on motion

of the United States.  FED.R.CRIM.P. 35(b).  Relief under this rule can only be achieved after the defendant has rendered substantial assistance subsequent to sentencing and after the United States presents a motion on the defendant's behalf.  *See United States v. Aderholt,* 87 F.3d 740, 742 (5th Cir. 1996).  The United States has the sole discretion to move for a downward departure or sentence reduction, and the Court is without authority to grant the departure absent such a motion.  *See United States v. Solis,* 169 F.3d 224, 226 (5th Cir. 1999) (*en banc*), *cert. denied*, 528 U.S. 843 (1999).

The Court, therefore, finds that Barnes' motion for clarification regarding a motion pursuant to Rule 35 of the Federal Rules of Criminal Procedure on his behalf should be denied. It is therefore,

ORDERED that Defendant's motion for clarification in 1:00cr38WJG-JMR-3 [157-1], be and is hereby denied.  It is further,

ORDERED that Defendant's duplicate motion for clarification in 1:05cr28WJG-RHW-1 [18-1] be, and is hereby, denied.

SO ORDERED  this the  12th day of December, 2006.

        *Walter J. Gex III*
        UNITED STATES SENIOR DISTRICT JUDGE